UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

THERESA BRITTON

                                                                                                                                                             DOCKET

                                      PLAINTIFFS

-AGAINST-                                                                                     COMPLAINT

BRONX PARENT HOUSING NETWORK                    JURY TRIAL DEMANDED

VICTOR RIVERA

THE CITY OF NEW YORK

                                      DEFENDANTS

-----------------------------------------------------------------------------X

Plaintiff by and through their Attorneys Martin Druyan and Associates Attorneys, as and for their verified complaint state and allege as follows.

                            JURISDICTION

1. This Court has jurisdiction of this action as it alleges violations of Title VII of the United States Code, 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e sect 1-17, sect 2-703i, Civil Rights Act 1964, 1991, Parag 88-352, L.L. Law, Publ Law 111-12 Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, CRA sect. 177., (42 USC 1981) sect 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect

1604.11 et al related statutes as Plaintiff alleges employment discrimination, unjust termination, hostile work environment, retaliation, and sexual harassment by Plaintiff against the Defendant employer Bronx Parent Housing Network (BPHN, hereinafter) and Defendants Director, Supervisors, stated above .

2. Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on about June 2021 against Defendants after having filed EEOC charges herein

3. A Jury trial is demanded as to all issues pursuant to FRCP R. 38

### PARTIES

4. At all times hereinafter mentioned:

5. *Plaintiff THERESA BRITTON, a black female, was a resident of New York State, Southern District of New York.*

6. Defendant Employer Bronx Parent Housing Network (BPHN hereinafter) is a not for profit New York State corporation and charity, doing business in Bronx County, New York City.

7. Def. BPHN is incorporated and registered as a not for profit corporation in New York State.

8. Def. Victor Rivera was the director of BPHN until about Feb. 2021, upon information and belief he is a resident of New York State.

9. Palumbo was the human resources director at BPHN 2020, and 2019, and 2021.

10. Clarke was a supervisor at BPHN

11. The City of New York was a municipal corporation incorporated pursuant to the laws of New York State.

12. FACTS ALLEGED : UNLAWFUL TERMINATION, DISCRIMINATION, RETALIATION, HOSTILE WORK ENVIRONMENT

13. Plaintiff Theresa Britton was an employee of Def. BPHN 2019, 2020, 2021 .

14. In about March 2021, Plaintiff was terminated from her employment at Def. BPHN for a second time, (second termination) as a result of unlawful racial and sex discrimination and retaliation as stated herein, without just cause.

15.
   a. Plaintiff Britton was at all times a loyal, conscientious employee with commendations, promotions, and positive work reviews for her excellent work performance.
   b. Plaintiff Britton was a family person with 6 children, a husband, a graduate of Audrey Cohen College, was at all times enthusiastic and energetic regarding her work to help Bronx residents at BPHN obtain housing and other benefits,

16. Plaintiff Britton was compensated for her work less favorably , than other employees who were not black females, and less than other employees who were involved in sexually relations with Mr. Rivera, or his friends and associates at BPHN, and their sexual demands, or who socialized having sexual intercourse with each other, drinking and taking illicit drugs, attending strip clubs, during work hours and after hours, Mr. Lozado, Ms. Otero.

17. These non black other employees were less qualified, not college educated, worked less hours, and less tasks, had better terms of employment with several increased pay

raises and consistent pay raises than Plaintiff at BPHN 2019, 2020, this was all due to racial discrimination, and or sex harassment, hostile work environment.

18. Plaintiff Britton did maintenance work, not in her job title, assisted Supv. Otero, and her Administrative Assistants, in 2019, 2020, 2021, without proper compensation for those tasks and work.

19. Ms. Candia Clarke was aware of harassment from Otero and lack of equal pay for Plaintiff, asking for equal pay raises via Noel Francis in 2021.

20. Ms. Clarke stated after a review of e mails and documents that the lack of pay raise and complaints was valid, "but my (Plaintiff's) approach, even as respectful, was not good."

21. Ms. Clarke stated that Plt. Complaints about Mr. Palumbo hidden agenda, discrimination and disrespect were true, complaints valid, "but that I sound like an angry black woman", asked for e mails, then blocked further e mails from reaching her.

22. That the evaluations Plaintiff received were of a solid score, entitling her to a pay raise on the merits, but Clarke rationalized pretextual denials that the "evaluations were not good enough", which was not true given facts and circumstances.

23. Plaintiff never was written up or had negative events at work.

24. After Plaintiff and Palumbo had a verbal disagreement at a March 21, 2021 meeting, in front of Clarke, over Plaint stating " I can't deal with him" (harassment and sex harassment,)  she permitted the off hour harassing phone calls to con tinue.

25. Palumbo and Denny Rodriguez would harass Plaintiff.

26. Palumbo would continue to call Plaintiff and harass Plaintiff by numerous e mails, exerting an excessive and frightening non professional control over Plaintiff calling her

cell phone at all hours of day and night, without business justification, he stated in front of Clarke "I can call her when ever I want, ..even her first name..." as Plaintiff complained of this sex harassment, even "stealing from her". .

27. Ms. Clarke agreed this was harassment, but did not stop it.

28. As an Adm. Asst. Plaintiff did all required work, and more work, without recognition or pay raises or promotion.

29. Other non black females were given pay raises and promotions etc., especially and including those who tolerated and or participated in sex harassment by Def. Rivera, Mr. Otero, and others at Def. BPHN.

30. Plaintiff Britton was terminated from her employment twice unjustly, without cause.

31. Plaintiff never received a pay raise during her employment at BPHN, having worked during hazardous times at BPHN during COVID infections including Feb. 2020.

32. In April 2019 Def. Rivera was made aware of Def. BPHN when Plaint. Britton was terminated from employment without cause by Mr. Palumbo HR Director.

33. Plaintiff was denied supplies by Otero at her worksite.

34. Otero harassed Plaint. and denied supplies and maintenance.

35. Employees/ex employees were in 2020 writing letters that other employees were receiving promotions, pay increases and positions as the result of having sexual relations with Mr. Rivera, his friends and associates at Def. BPHN.

36. In end Feb 2021, beginning March2021, just before Plaint. being terminated, Mr. Palumbo would continue to telephone Ms. Britton at non working hours, days and evenings, without a legitimate BPHN business purpose, trying to control her, and did

not talk about BPHN business, calling on her cell phone, or her fist name, Plaintiff would hang up the phone.

37. Plaintiff complained, did not wish this harassment to continue, and then Plaint. Was terminated without just cause for a second time March 2021. .

38. Palumbo stated that Plaint was "terminated because of e mailing higher ups of discrimination complaints and harassment complaints."

39. These phone calls by Palumbo , and the sexualized atmosphere at BPHN 2019, 2020, 2021, was a form of sex harassment, and hostile work environment.

40. Mr. Otero did not stop harassing Plaintiff, and did not stop any of the discrimination or harassment of Plaintiff.

41. Plaintiff Ms. Britton protested these phone calls via e mail and verbally, to the appropriate persons Candia Clarke,  CAO, Dan Tietz, in March 1, 2, 2021 acting CEO mailed all .

42. CEO Dan Tietz did not take steps to help Plaint. but terminated her instead.

43. Noel Francis was aware of the racial discrimination, and sex harassment but did not take steps to stop it. Plaintiff Britton suffered disparate treatment, adverse employment termination consequences, and false and poor job reviews and references as a result of the discrimination and retaliation described herein.

44. That Plaintiff Britton was told by BPHN employees, "it's well known promotions were for sex at BPHN, ....that blacks were a subset discriminated against group of employees.."

45. In 2019 at a BPHN company picnic Mr. Rivera in a sexually inappropriate manner took Plaintiff Ms. Britton's hand, caressed it, and rubbed her palm with his fingers, during a "handshake", causing Plaintiff Ms. to feel anxiety, disgust, unpleasantness, and discomfort.

46. That Plaintiff Britton felt uncomfortable due to the sexualized atmosphere and hostile work environment at BPHN where sex with Def. Mr. Rivera was required for promotions and favorable fair compensation for work.

47. That in 2019 to 2021 there were rumors, believable, that Mr. Rivera was demanding sex from employees and BPHN aid recipients.

48. In total Plaintiff experienced a hostile working environment and atmosphere at BPHN 2019 to 2020.

49.                FIRST TERMINATION WITHOUT JUST CAUSE, REINSTATEMENT

50. Plaintiff Britton was terminated for the first time in about 2019.

51. In 2020 she was reinstated by Defendant Mr. Rivera to employment who stated " I was sick with COVID I didn't know you were terminated, you may return anytime to employment."

52. Plaintiff Britton has suffered the inability to obtain employment as a social services provider, and as the result of the discrimination alleged herein, that in 2021 her job offers were rescinded, upon information and belief, of the retaliation and discrimination alleged herein.

53.	RACIAL DISCRIMINATION

54. Ms. Clarke of BPHN responded to Plaintiff Britton's, a black female, complaints " you look like the angry black woman, you appear and are too aggressive, all your claims are valid, but it your approach"

55. Ms. Britton complained to BPHN human resources that her $16.48 hourly pay was unfair, inadequate compensation, less than the $18. hourly paid to non black employees, who performed less work than Plaintiff.

56. Ms. Britton's complaints were met with harassment and the termination of Plaintiff Ms. Britton's employment.

HOSTILE WORK ENVIRONMENT, UNLAWFUL TOUCHING, BATTERY, ASSAULT, SEX   HARASSMENT,   RETALIATION,   2019, 2020

57.	RETALIATION, DISCRIMINATION, TERMINATION OF EMPLOYMENT

58. Plaintiff protested her termination, that she worked harder, was more qualified, did better work than employees who were promoted and better compensated for having sex with Defendant Director Mr. Rivera and his friends/coworkers at BPHN.

59.	POST TERMINATION HARASSMENT, RETALIATION

CAUSES OF ACTION

60. Based upon the above facts Plaintiffs assert the following causes of action:

FIRST ACTION

61. Plaintiffs states a cause of action for unlawful racial discrimination and sex harassment as an employee, prohibited by an employer or supervisor, or other employee or agent, or contractor of Defendants pursuant to 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al related statutes.

### SECOND ACTION

62. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law, N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al., and related statutes, prohibiting employer sexual harassment of their employees, and mandating education and supervision of all Defendants

63. THIRD ACTION

64. Plaintiffs claims and appends the New York City Title 18 Administrative Code, NYC Local Law 95, Sect. 107.1 victims (96) 2018, et al, an relates statutes, prohibiting employer sexual harassment of employees and mandating education and supervision of all Defendant to avoid and prevent sex harassment and sex abuse of employees as the Plaintiff herein.

### FOURTH ACTION

65. Plaintiffs claims and appends the common law New York State laws creating actions at law for assault, battery, negligence, primie facie tort, sexual assault, unlawful touching.

66. FIFTH ACTION

67. That the Defendant City of New York had knowledge of the complaints of racial and sex harassment of Director Rivera of employees and aid recipients, the settlements of money aid to victims of his harassment.

68. That the Defendant City of New York, ignored the enforcement of all discrimination and sex harassment laws against the Defendants, and continually to fund BPHN with millions of dollars of tax payer monies, paying and keeping Def. Dir. Rivera in his position as director where he was able to continue his and his friends and associates campaign of harassment, retaliation, bribery, against of employees and aid recipients

DAMAGES ALLEGED

69. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney fees and disbursements and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes, regulations stated and cited above.

70. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff claims as common law damages pursuant to all the New York State claims stated above, as the result of the Defendants actions, negligence, omissions, and failures, the unlawful touching and sex assault, harassment described herein.

71. Those common law damages are stated supra and infra including all lawful punitive, exemplary damages, and compensatory damages.

72. As damages in all actions asserted in this complaint , Plaintiff has suffered the following permanent physical and mental injuries and damages including but not limited to: Physical, emotional, psychiatric and mental distress and alarm, physical illness, trauma,

being upset, loss of sleep, unhappiness, that have diminished Plaintiff's ability to work and employment opportunities, so that Plaintiff's lifelong earning capacity is diminished, permanently, and continuing to date, every aspect of her life is damaged.

73. As damages in all actions herein, Plaintiffs have been required to spend monies and to seek medical treatment and all manner of therapy for Plaintiff's permanent injuries and damages in the past, present and future as a result of the actions of the Defendants as alleged herein.

### CERTIFICATION AND CLOSING

74. Under F.R.C.P. 11 by signing below I certify to the bets of my knowledge, information and belief that this complaint:

75. This complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is supported by existing law or by non frivolous argument for extending modifying or reversing existing law, 3. The factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation, or discovery, and 4. The complaint otherwise complies with the requirements of Rule 11 FRCP.

76. Wherefore Plaintiff seeks damages of one million dollars, all statutory interest, costs and disbursements, and attorney fees, all as permitted by law.

Date of Signing :     Aug. 10, 2021

S/ MARTIN DRUYAN ESQ.

MARTIN DRUYAN AND ASSOCIATES ATTORNEYS,

ATTORNEYS FOR PLAINTIFF